Honorable Julia Hughes Jones Auditor of State 230 State Capitol Building Little Rock, Arkansas 72201
Dear Ms. Jones:
By your letter you requested the opinion of this office on a number questions relating to the Uniformed Disposition of Unclaimed Property Act, At 256 of 1979 which is codified as Ark. Stat. Ann. 50-623 — 50-650. These questions will be answered in turn as they appeared in your letter below.
Your first question asks whether "in light of 91 of Act 576 of 1965, . . . the repealer clause, 29 of Act 256 of 1979 [is] sufficient to resolve the conflict regarding the correct state official with whom reports should be filed?" The provisions you cite deal with the disposition of property distributable in the course of voluntary dissolutions of particular business associations. The earlier Act you cite, Act 576 of 1965, provides that:
 Deposit with State Treasurer of amounts due certain creditors or shareholders. — Upon the liquidation of a corporation (whether before or after dissolution) the portion of the assets distributable to a creditor or shareholder who is unknown or cannot be found, or who is under disability and there is no person legally competent to receive such distributive portion, shall be reduced to cash and deposited with the State Treasurer and shall be paid over to such creditor or shareholder or to his legal representative upon proof satisfactory to the State Treasurer of his right thereto.
Ark. Stat. Ann. 64-909 (Repl. 1980). The latter Act which you cite is the Uniform Disposition of Unclaimed Property Act, the relevant provision of which states:
 Property of business associations and banking or financial organizations held in course of dissolution. All intangible personal property distributable in the course of voluntary dissolution of a business association, banking organization, or financial organization organized under the laws of or created in this State, that is unclaimed by the owner within two years after the date for final distribution, is presumed abandoned.
Ark. Stat. Ann. 50-625. Under other provisions of the Unclaimed Property Act, such property would be reported and turned over to the Auditor of State for final disposition pursuant to the Act.
The difference in the two Acts is that Ark. Stat. Ann. 50-625 deals only with intangible personal property distributed in the course of a voluntary dissolution of a business association or other organizations. The earlier Act deals with both voluntary and involuntary dissolutions and is not limited by its terms to the disposition of intangible personal property as is the Unclaimed Property Act.
Your question asks whether the general repealing section of the Unclaimed Property Act resolves any conflict as to which state official certain property should be reported. Since, by its terms, the repealing clause of the Unclaimed Property Act repeals only laws or parts of laws in conflict therewith, the earlier Act, Ark. Stat. Ann. 64-909, is only repealed to the extent that it deals with intangible personal property distributable in the course of a voluntary dissolution of a business association, banking organization or financial organization organized under the laws of or created in this State, that is unclaimed by the owner within two years after the date for final distribution. With regard to all other property which may be covered by Ark. Stat. Ann. 64-909, its reporting and relinquishment procedures should be followed.
Your second question asks "is money held by courts in trust subject to the Unclaimed Property Act?" The answer is that the Unclaimed Property Act does not make cash held by the courts subject to its provisions. In Ark. Stat. Ann. 50-627 (1971 Repl.), (1985 Cum. Supp.), the Act states that:
 All intangible personal property held for the owner by any court, public corporation, public authority, or public officer of this state, or political subdivision thereof, that has remained unclaimed by the owner for more than seven (7) years if presumed abandoned. (Emphasis added).
Since money is tangible property it is not subject to this provision.
Your third question asks "what effect does the Unclaimed Property Act have on stocks or other intangible assets held by banks for collateral on loans when the loan has been retired and the owner of the stocks cannot be located?" I have spoken to your representative for clarification of this question, and I now understand that some banks are considering instituting a policy of requiring that such property held as collateral may be forfeited to the bank after a period of time less than the seven (7) years required by the Unclaimed Property Act for the property to be considered abandoned if the owner does not claim the property. Your representative stated that such an arrangement would seem to be a method of avoiding the Unclaimed Property Act.
I can find nothing in the Unclaimed Property Act which would prevent a banker or other lending institution from promulgating such a practice. The Unclaimed Property Act itself only applies to property which is held for the specified number of years according to the Act's terms. If property has been otherwise disposed of within that term of years, it is not subject to the Unclaimed Property Act. This is not to say, however, that such a provision in a collateral agreement would be either legal or illegal under other laws of the state of Arkansas.
In your next questions you asked, in determining the time at which funds would be presumed abandoned, do funds paid by a corporation to a trust for missing shareholders, established in the course of a dissolution of the corporation, properly fall within Ark. Stat. Ann. 50-624, 50-625, or 50-626? Would the same section govern the real estate and furnishing of such corporation which were converted to cash by sale and distributed in the same manner as above?" Ark. Stat. Ann. 50-624 is the statute under which the above-named property would fall. Ark. Stat. Ann. 50-625 and 50-626 only refer to intangible personal property as being subject to their provisions. In your question you referred to "funds" which I take to mean "money" which is tangible property. To the extent that you mean to include intangible property in your question, I agree with the conclusion reached by Mr. Buffalo in the letter you attached to your opinion request which states that 50-626 would apply since a fiduciary is involved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Tim Humphries.
Sincerely,
Steve Clark Attorney General
SC/TH/ljm